## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EVELYN MEJIA,** | * | **CIVIL ACTION NO.  18-3415** |
| | * | |
| **Plaintiff,** | * | **JUDGE** |
| | * | |
| **VERSUS** | * | **MAGISTRATE** |
| | * | |
| **AMERICAN EXPRESS TRAVEL RELATED** | * | |
| **SERVICES COMPANY, INC.** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, and 1453, Defendant, American Express Travel Related Services Company, Inc. ("**Amex**"), submits this Notice of Removal with respect to the civil action styled *Evelyn Mejia versus American Express Travel Related Services Company, Inc.*, Case No. 18-1978, which was originally filed in the Civil District Court for the Parish of Orleans (Division I), State of Louisiana, by Plaintiff, Evelyn Mejia ("**Mejia**").[1]   In support of this Notice of Removal, Amex states as follows:

**A.      Amex Has Complied With The Removal Procedural Requirements.**

1.       On March 14, 2018, Mejia served Amex, through its agent for service of process in Louisiana, with the Petition and Citation. (*See* Exh. A: Pet.)  Because Amex is filing this Notice of Removal within 30 days of being served with the Petition and Citation, the Notice is timely under 28 U.S.C. § 1446(b)(1). *See Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)).

---

[1] Nothing in this Notice shall be interpreted as a waiver or relinquishment of Amex's right to assert any defenses or affirmative matters, including, without limitation, a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or a motion to compel arbitration.

2.      Pursuant to 28 U.S.C. § 1446(a), Amex is submitting with this Notice of Removal copies of "all process, pleadings and orders served upon" Amex.  (*See* Exh. A.)

3.      Pursuant to 28 U.S.C. § 1446(d), promptly upon filing this Notice of Removal, Amex will send written notice and a copy of the Notice of Removal to all counsel of record or unrepresented parties and will file a copy of the Notice of Removal with the Clerk of Court for the Civil District Court for the Parish of Orleans, Louisiana.

4.      Under 28 U.S.C. § 1441(a), this action may be removed to the district court of the United States for the district and division embracing the place where the state court action is pending.  Venue for this removal is, therefore, proper in the United States District Court for the Eastern District of Louisiana, as this is the district embracing Orleans Parish, Louisiana – the location of the pending state court action.

**B.      This Court Has Federal Question Jurisdiction Over This Action.**

5.       "[A] civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).  Under 28 U.S.C. § 1331, federal-question jurisdiction exists where a plaintiff's well-pleaded complaint demonstrates that either (1) "federal law creates [one or more] cause[s] of action" alleged by plaintiff or (2) "plaintiff's right to relief [under one or more causes of action] necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris, LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (stating removal is proper where plaintiff pleads "cause of action created by federal law"); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9, 14 (1983) (holding federal-question jurisdiction exists, and removal is proper, where plaintiff's petition alleges a claim for which federal law is the "law that creates the cause of action").  "A single claim over which federal-question jurisdiction exists is sufficient to allow

removal." *Bd. of Comm'rs of Se. La. Flood Protection Auth.-E. v. Tenn. Gas Pipeline Co., LLC*, 29 F. Supp. 3d 808, 849 (E.D. La. 2014) (citing *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005)).

6.      Mejia asserts a damages claim against Amex under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") (Pet. ¶ 3.)   Federal-question jurisdiction is therefore present under the first ground articulated by the Fifth Circuit in *Singh*, 538 F.3d at 337–38, as Mejia expressly asserts a cause of action created by federal law.

7.      Accordingly, Mejia's claims arise under federal law and this Court has federal question jurisdiction under 28 U.S.C. § 1331.

**C.      The Court Should Exercise Supplemental Jurisdiction Over The State Law Claim.**

8.      28 U.S.C. § 1367 provides that where a district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy."

9.      Supplemental jurisdiction exists when the claims are so related to the federal claims that they form part of the same case or controversy, or are based on a "common nucleus of operative fact." *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 293 (5th Cir. 2010).

10.      In this case, Mejia's state-law claim for violations of the Louisiana Unfair Trade Practices Act, La. Rev. Stat. 51:101, *et seq.*, ("LUTPA") is based on the same set of operative facts that form the basis for the federal TCPA claims:  the alleged sending of unauthorized text messages to Mejia's phone without her consent. (*See* Exh. A: Pet., ¶ XIV.) Accordingly, the court can and should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

**D.     The Court Also Has CAFA Jurisdiction Over This Action.**

11.     This action is also within the original jurisdiction of this Court, and removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over class actions in which (1) the "number of members of all proposed plaintiff classes in the aggregate is [not] less than 100," (2) any member of the class of plaintiffs is a citizen of a State different from any defendant and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  As set forth below, based on Plaintiff's allegations, this action satisfies CAFA's requirements for original jurisdiction.

12.     This action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b).  Mejia brings this action "on behalf of "all similarly situated consumers who have received Defendant's text message advertisements."  (*See* Exh. A: Pet. ¶ XII.) Mejia also contends that "[t]he number of similarly situated consumers is so numerous that joinder is impracticable; Plaintiff is an adequate representative and her claims are common and typical of the similarly situated consumers; and collective action treatment of their claims is the superior and appropriate means for resolving their disputes with Defendant."  (*Id.*)

13.     Moreover, CAFA's numerosity requirement is also met.  Mejia alleges that "Defendant has sent thousands of such text message advertisements to thousands of customers," (*See* Exh. A: Pet. ¶ X.), well in excess of the minimum threshold of 100 class members.

14.     The parties are minimally diverse.  Mejia alleges that she is a Louisiana citizen.

(*See* Exh. A: Pet. p. 1.) Amex is a citizen of the State of New York.[2] Thus, the required diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

15.     Based on Mejia's allegations, the action meets the final requirement that the amount in controversy exceed the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).   Under CAFA, the "claims of the individual class members shall be aggregated" to determine the amount in controversy.   28 U.S.C. § 1332 (d)(6).   Where, as here, "the amount of damages is not specified in the petition, a defendant can rely on the face of the complaint if it is apparent that the amount in controversy is enough."   *Jenkins v. Serv. Corp. Intern.*, No. 93–5333, 2010 WL 5439001, at * 3 (E.D. La. Dec. 22, 2010) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).   Once a defendant has met its burden of establishing the requisite amount in controversy, a plaintiff "must prove to a legal certainty that his recovery will not exceed the jurisdictional amount to obtain a remand."   *Id.* (citing *De Aguilar*, 47 F.3d at 1412).

16.     As to her TCPA claim, Mejia seeks "for herself and all consumers all statutory damages, including treble, available under the law." (*See* Exh. A: Pet. ¶ XIII.) Under the TCPA, a plaintiff may recover the greater of actual damages or $500 per violation. 47 U.S.C. § 227(b)(3)(B). If the court finds that the defendant willfully or knowingly violated the TCPA, the court may treble the statutory damage award to $1,500 per violation. 47 U.S.C. § 227(b)(3)(C). Mejia alleges "Defendant has sent thousands of such text message advertisements to thousands of customers." (*Id.* ¶ X.)   Thus, if 3,334 or more putative class members each allegedly sustained even a single TCPA violation (as Mejia alleges there could be), the amount in controversy would

---

[2] Plaintiff erroneously alleges that Amex is "a domestic corporation." (Pet. ¶ I.a.)  However, Amex is a corporation organized under the laws of the State of New York, with its principal place of business in New York.  *See* printout from Louisiana Secretary of State Website (last visited Mar. 29, 2018), attached hereto as Exhibit B.

exceed the jurisdictional threshold (3,334 x $1,500 > $5,000,000).

17.     In addition, "Plaintiff seeks all remedies available under [LUTPA], including damages and attorney's fees." (*Id.* ¶ XIV.) Accordingly, Mejia alleges an amount in controversy that easily exceeds CAFA's $5,000,000 threshold.

18.     Amex does not concede any merit to the Petitioner's allegations, causes of action, or requests for relief and reserves the right to assert all applicable defenses in this matter.

WHEREFORE, Defendant American Express Travel Related Services Company, Inc. prays that this Notice of Removal be deemed good and sufficient, that Evelyn Mejia's Petition be removed from the Civil District Court for the Parish of Orleans, Louisiana to this Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in this civil action from the Civil District Court for the Parish of Orleans, and thereupon proceed with this civil action, as if it had originally been commenced in this Court.

Respectfully submitted this 29th day of March, 2018.

**McGLINCHEY STAFFORD, PLLC**

*/s/ Melissa H. Harris*
**Daniel T. Plunkett, T.A.** (# 21822)
**Gabriel A. Crowson** (# 28009)
**Melissa H. Harris** (# 33573)
Pan American Life Center
601 Poydras Street, 12th Floor
New Orleans, LA 70130
Phone (504) 586-1200
Facsimile (504) 596-2800
E-Mail: dplunkett@mcglinchey.com
gcrowson@mcglinchey.com
mharris@mcglinchey.com

*Attorneys for Defendant American Express Travel Related Services Company, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing pleading was served on this 29th day of March, 2018 via U.S. First Class Mail, facsimile, and/or electronic mail, upon the following counsel of record:

Roberto Luis Costales
William H. Beaumont
Jonathan M. Kirkland
BEAUMONT COSTALES LLC
3801 Canal Street, Suite 207
New Orleans, LA 70119


/s/ Melissa H. Harris
Melissa H. Harris