UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EVELYN MEJIA | CIVIL ACTION |
| VERSUS | NO. 18-3415 |
| AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. | SECTION A(1) |

**ORDER AND REASONS**

Before the Court is a **Motion to Compel Arbitration and Stay Proceedings (Rec. Doc. 11)** filed by Defendant American Express Travel Related Services Company, Inc. ("American Express"). Plaintiff, Evelyn Mejia, opposes the motion. (Rec. Doc. 16). Defendant has replied (Rec. Doc. 19) and Plaintiff has sur-replied. (Rec. Doc. 22). The motion, set for submission on June 13, 2018, is now before the Court on the briefs without oral argument. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that Defendant's **Motion to Compel Arbitration and Stay Proceedings (Rec. Doc. 11)** is **DISMISSED WITHOUT PREJUDICE** for the reasons set forth below.

In light of recent events, it appears that this motion is not ripe for the Court's consideration. This motion was originally set for submission on May 30, 2018. On May 17, 2018, the Court granted the Plaintiff's unopposed motion to continue the submission date to June 13, 2018. (Rec. Doc. 15). The parties then filed their memoranda in support of their respective positions. In doing so, Defendant discovered the motion may have been brought prematurely. In essence, Defendant assumed a fact that is imperative to its argument. It appears that fact is now in contention.

1

Plaintiff brings this putative class action suit against Defendant American Express for allegedly violating the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and the Louisiana Unfair Trade Practices Act, La. Rev. Stat. 5:1401, *et seq.* ("LUTPA"). The alleged violations stem from three unauthorized text messages Plaintiff received in a calendar week asking Plaintiff to complete her enrollment in the Plenti rewards program ("Plenti Program").[1] (Rec. Doc. 1-2, pp. 3–4). Defendant's Motion to Compel relies on the assumed fact that Plaintiff received the Plenti Program's Terms and Conditions when she pre-enrolled for her Plenti card. However, in her opposition, Plaintiff contends that she never received the Plenti Program's Terms and Conditions upon enrolling in the Plenti Program.

The Plenti Program's Terms and Conditions provide for mandatory arbitration in the event a "claim" is filed. Therefore, Plaintiff's receipt of the Terms and Conditions is vital in determining whether Plaintiff agreed to the Arbitration Clause in the Plenti Program's Terms and Conditions. In response to Plaintiff's allegation that she never received the Plenti Program's Terms and Conditions, Defendant filed a Motion for Leave to Conduct Limited Jurisdictional Discovery (Rec. Doc. 24) with Magistrate Judge Van Meerveld. That motion sought the opportunity to conduct limited discovery regarding whether, and how, Plaintiff received the Terms and Conditions that contain the Arbitration Clause at issue. (Rec. Doc. 24-1, p.1).

On July 11, 2018, Judge Van Meerveld held oral argument for Defendant's Motion for Leave to Conduct Limited Jurisdictional Discovery. Per her Minute Entry, Judge Van Meerveld granted the motion and gave Defendant "sixty days to conduct limited jurisdictional discovery into

---

[1] The Plenti Program is a reward program operated by Defendant American Express through which participating retail and service companies ("Sponsors") offer customers the opportunity to earn Plenti reward points by making qualifying purchases from Sponsors, as well as through other promotions and offers that may be offered by Sponsors or other merchants.

the existence of an arbitration agreement." (Rec. Doc. 29). Defendant's sixty day period for limited discovery commenced on July 11, 2018, and therefore ends on September 9, 2018.[2]

Defendant's Reply Memorandum (Rec. Doc. 19) in support of its Motion to Compel requests that the Court stay the instant motion while the limited jurisdictional discovery period is ongoing. Defendant further requests the opportunity to supplement its Motion to Compel once the limited discovery period has ended. The Court agrees. In essence, the additional discovery conducted may fundamentally alter this case.

Defendants urge the Court to hold the Motion to Compel in abeyance pending the completion of the sixty day limited jurisdictional discovery period. However, the Court finds the more prudent action would be dismissing the Motion to Compel without prejudice, allowing Defendant to re-file the Motion to Compel once the limited jurisdictional discovery period has ended.

The Court also notes Plaintiff's pending Motion for Class Certification. (Rec. Doc. 27). The Court originally ordered that Plaintiff's Motion for Class Certification be continued without a submission date, "pending a new date to be set at a scheduling conference to be held by the Court, if necessary, following resolution of the Motion to Compel Arbitration." (Rec. Doc. 32). However, the Court will now order the Motion for Class Certification be stayed. Staying the motion, rather than leaving the motion pending without a submission date, is more prudent for docket management purposes.[3]

---

[2] As September 9, 2018 is a Sunday, the discovery period will end on Monday, September 10, 2018. *See* Fed. R. Civ. P. 6(a)(1).

[3] Note the Court will stay Plaintiff's Motion for Class Certification, rather than dismiss the motion without prejudice, to avoid any potential issues with Local Rule 23.1. Local Rule 23.1(B) provides that "[w]ithin 91 days after filing of a complaint in a class action or filing of a notice of removal of the class action from state court, whichever is later, plaintiff must move for class certification under *FRCP 23(c)(1)*, unless this period is extended upon motion for good cause and order by the court." LR 23.1.

Accordingly;

IT IS ORDERED that Defendant's **Motion to Compel Arbitration and Stay Proceedings (Rec. Doc. 11)** is **DISMISSED WITHOUT PREJUDICE;**

IT IS FURTHER ORDERED that Plaintiff's **Motion for Class Certification (Rec. Doc. 27)** is **STAYED.** Following the resolution of Defendant's **Motion to Compel Arbitration and Stay Proceedings (Rec. Doc. 11)**, Plaintiff shall move to re-urge her **Motion for Class Certification (Rec. Doc. 27),** if necessary.

July 31, 2018

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE